E-FILED
Monday, 30 March, 2009  02:11:08 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| RUTH CARTER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 08-1305 |
| ) | |
| DENNY SMITH, Warden, ) | |
| ) | |
| Respondent. ) | |

## O R D E R

This matter is now before the Court on Petitioner, Ruth Carter's ("Carter"), Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.  For the reasons set forth herein, the Petition [#4] is DENIED AS MOOT.

### FACTUAL BACKGROUND

Carter was convicted in the United States District Court for the Western District of Missouri of Attempt to Manufacture Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846, and received a two-level enhancement for possession of a firearm.  She was sentenced to 188 months' imprisonment.  Carter is currently incarcerated at the Federal Prison Camp in Pekin, Illinois, and has an anticipated release date of April 16, 2014.

Carter has now filed the present Petition pursuant to 28 U.S.C. § 2241.  In her Petition, she argues that she is entitled to relief because the BOP's Program Statement 5162.04 excluding inmates whose sentences involve specified sections from receiving a one-year reduction in sentence upon completion of the Residential Drug Abuse Program ("RDAP") is arbitrary and capricious.  Specifically, she cites the Ninth Circuit's decision in

Arrington v. Daniels, 516 F.3d 1106 (9th Cir. 2008), for the proposition that the rule is arbitrary and capricious because the administrative record contains no adequate rationale for the exclusion. This Order follows.

## DISCUSSION

A petition seeking habeas corpus relief is appropriate under 28 U.S.C. § 2241 when a defendant is challenging the fact or duration of his confinement. Preiser v. Rodriguez, 411 U.S. 475, 490, 93 S.Ct. 1827 (1973); Waletzki v. Keohane, 13 F.3d 1079, 1080 (7th Cir. 1994). The writ of habeas corpus may be granted where the defendant is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. 2241(c)(3).

Initially, the Court notes that Carter's challenge is based on what she perceives to be a violation of the Administrative Procedure Act ("APA"). As such, her challenge should more properly have been brought as a civil action pursuant to the APA rather than as a habeas corpus petition pursuant to §2241. *See* Alnoubani v. Federal Bureau of Prisons, 2009 WL 102126, at *2 (7th Cir. Jan. 15, 2009). It is also questionable that Carter's claim is ripe for adjudication, as she has not had her clinical interview to determine her eligibility for placement in the RDAP program and has not yet been denied an early release.

However, even assuming that Carter's claim was properly before the Court, it is now moot. Title 18 U.S.C. § 3621 directs the BOP to provide a residential substance abuse treatment program for prisoners that have been determined to have a treatable condition of substance abuse or addiction. This provision was subsequently amended to provide an early release incentive for prisoners who successfully complete the program in that the BOP "may reduce by up to one year the sentence of a prisoner who (1) was convicted of

a nonviolent offense and (2) successfully completes a program of residential substance abuse treatment." Arrington, 516 F.3d at 1109, citing 18 U.S.C. § 3621(e)(2)(B).

The BOP implemented a regulation, 28 C.F.R. § 550.58, rendering "inmates whose current offense is determined to be a crime of violence as defined in 18 U.S.C. § 924(c)(3)" as ineligible for early release.  Program Statement 5162.04 then further restricted eligibility for early release by adding firearms convictions under 18 U.S.C. § 922(g) and drug trafficking convictions under 21 U.S.C. §§ 841, 846 where "the offender received a two-level enhancement for weapons possession under United States Sentencing Commission Guidelines Manual § 2D1.1(b)(1)" to the category of crimes of violence.  Arrington, 516 F.3d at 1109.  It is apparently this last category that applies in this present situation.

Carter's argument based on Arrington is that BOP Program Statement 5162.04 is arbitrary and capricious in violation of the APA because the BOP did not provide a rational for its categorical exclusion of drug trafficking convictions that received an enhancement for weapons possession from eligibility for early release.  Even assuming that the Seventh Circuit would be inclined to follow Arrington, Carter's claim is now moot, as the BOP has now enacted a new regulation, codified as 28 C.F.R. part 550, which applies to inmates like Carter whose clinical interview to qualify for participation in RDAP occurs after March 16, 2009.

In the finalization of the proposed rules published in 69 FR 39887, the BOP clarified the rationale for its exclusion of inmates convicted of an offense involving a firearm from early release.

> [I]n the correctional experience of the Bureau, the offense conduct of both armed offenders and certain recidivists suggest that they pose a particular risk to the public.  There is a significant potential for violence from criminals who carry,

- 3 -

> possess, or use firearms. As the Supreme Court noted in *Lopez v. Davis*, "denial of early release to all inmates who possessed a firearm in connection with their current offense rationally reflects the view that such inmates displayed a readiness to endanger another's life." The Bureau adopts this reasoning. The Bureau recognizes that there is a significant potential for violence from criminals who carry, possess or use firearms while engaged in felonious activity. Thus, in the interest of public safety, these inmates should not be released months in advance of completing their sentences.
>
> It is important to note that these inmates are not precluded from participating in the drug abuse treatment program. However, these inmates are not eligible for early release consideration because the specified elements of these offenses pose a significant threat of dangerousness or violent behavior to the public. This threat presents a potential safety risk to the public if inmates who have demonstrated such behavior are released to the community prematurely. Also, early release would undermine the seriousness of these offenses as reflected by the length of the sentence which the court deemed appropriate to impose.

(Internal citations omitted).

Accordingly, the program statement that Carter challenges is no longer unsupported by a statement of the BOP's rationale for its categorical exclusion. Her claim would therefore appear to be moot.

## **CONCLUSION**

For the reasons stated herein, Carter's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [#2] is DENIED AS MOOT. This matter is now terminated.

ENTERED this 30th day of March, 2009.

                                             s/ Michael M. Mihm
                                             Michael M. Mihm
                                             United States District Judge